UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY F. SIMPSON,

       Plaintiff,                       CIVIL ACTION NO. 05-70925

   v.                                  DISTRICT JUDGE DENISE PAGE HOOD

JAY B. RISING, State Treasurer      MAGISTRATE JUDGE VIRGINIA M. MORGAN
for the State of Michigan, et al.,

       Defendant.
_____/

**REPORT AND RECOMMENDATION RE: DEFENDANT RISING'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**I.  Introduction**

Plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), filed a 42 U.S.C. § 1983 action against Jay B. Rising, the State Treasurer for the State of Michigan; Patricia Caruso, the Director of the MDOC; and Smytra Financial, alleging that they violated his constitutional rights and visited other wrongs upon him in connection with the State's seizure of certain annuity payments pursuant to the State Correctional Facility Reimbursement Act (SCFRA), M.C.L. 800.401 *et seq*.  The matter comes before the court on defendant Rising's Motion to Dismiss for Lack of Subject Matter Jurisdiction.  For the reasons stated below, the court recommends that the motion be granted.

## II.  Background

Pursuant to the terms of a settlement agreement executed in a medical malpractice case, plaintiff became the beneficiary of an annuity contract issued by the Safeco Life Insurance Company.[1]  The contract provided that plaintiff was to be paid $500 on the 15th day of each month, commencing on February 15, 1993, for as long as plaintiff lived, with a minimum of 120 payments.

In November, 1998, the State of Michigan filed a SCFRA action against Safeco and plaintiff in the Circuit Court for the County of Oakland, State of Michigan, seeking to attach plaintiff's annuity payments to reimburse the State for the costs of his incarceration.  On April 2, 1999, the Circuit Court judge entered an order directing that Safeco send 90 percent of each annuity payment directly to the State.  Plaintiff did not appeal the Circuit Court's order.

In December, 2000, plaintiff filed an action in the Circuit Court for the County of Wayne, State of Michigan, against Safeco, alleging breach of contract and breach of fiduciary duty claims in connection with the State's appropriation of a portion of the annuity payments.  The Circuit Court granted Safeco's motion for summary judgment.  The Michigan Court of Appeals affirmed the Circuit Court's order, concluding that plaintiff had failed to establish any genuine issue of material fact as to his breach of contract and breach of fiduciary duty claims and that plaintiff's claims were barred under the doctrine of *res judicata*.  See Simpson v. Safeco Life

---

[1]Plaintiff alleges in his complaint that Smytra Financial is the successor-in-interest to Safeco.

Insurance Co., 2002 WL 31082144 (Mich.App.).  The Michigan Supreme Court denied plaintiff's delayed application for leave to appeal.

In 2003, plaintiff filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Michigan against Safeco and the State Treasurer, seeking relief from the order entered in the SCFRA action.  A magistrate judge recommended that the petition be dismissed on the grounds that plaintiff did not name his custodian as respondent and was not seeking to challenge his state-court conviction.  District Judge Gordon J. Quist adopted the magistrate judge's report and recommendation and dismissed the petition.

Plaintiff then filed the present cause of action, alleging, as noted above, that defendants violated his constitutional rights and committed other wrongs in connection with the State's seizure of his annuity payments.  Defendant Rising moves for dismissal of the matter on the ground of lack of subject matter jurisdiction, arguing, primarily, that the action is barred by the Rooker-Feldman doctrine, D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983), Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923).  For the reasons stated below, the court agrees and thus recommends that plaintiff's complaint be dismissed with prejudice.

**III.  Discussion**

The Rooker-Feldman doctrine holds that inferior federal courts lack subject matter jurisdiction to review the final judgments of state courts.  Hutcherson v. Lauderdale County, Tennessee, 326 F.3d 747, 755 (6th Cir. 2003).  Two types of claims are barred under this doctrine: "those which allege some injury arising directly from the state court's judgments, and

those which allege an injury predating the state-court's judgments but which are still 'inextricably intertwined' with state-court judgments." Howard v. Whitbeck, 382 F.3d 633, 639 (6th Cir. 2004). In determining whether the federal claim falls within the first category, the court must examine the nature of the relief sought and the particular injury alleged. Id. "'[T]he fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment.'" Hutcherson, 326 F.3d at 755 (quoting GASH Assocs. v. Vill. of Rosemont, 995 F.2d 726, 728 (7th Cir. 1993)). If the alleged injury resulted from the state court judgment itself, review of the claim in an inferior federal court is barred under the Rooker-Feldman doctrine. If the alleged injury is distinct from, and not inextricably intertwined with, the judgment, Rooker-Feldman does not bar federal review of the claim. Hutcherson, 326 F.3d at 755. A federal claim may be said to be "inextricably intertwined" with a state court judgment where success on the federal claim is dependent upon a determination that the state court incorrectly decided the issues before it. Id. at 756. An exception to the doctrine exists for claims that present a general constitutional challenge to the state law implicated in the underlying proceedings. Howard, 382 F.3d at 639. "However, even where a general constitutional attack is mounted, the state proceedings may foreclose the federal claim under the doctrine of res judicata." Id.

Though plaintiff has couched his claims in federal constitutional terms, it is readily apparent from the allegations of the complaint that plaintiff's cause of action is nothing more than a thinly-veiled attempt to collaterally attack the order of the Oakland County Circuit Court. Plaintiff states the following in his complaint:

>   (1) Mr. Simpson has exhausted all state and administrative remedies available to him. [sic] *And now seeks review from a Federal perspective*. (Emphasis added).
>
>   (2) *Mr. Simpson continues to be harmed as a result of Judge Kuhn's January 27, 1999 order*, instructing Safeco to mail his funds to the Michigan Department of Correction. (Emphasis added).
>
>   (3) The Oakland County Circuit Court was aware of the constitutional implications of [the SCFRA suit] and was thereby compelled to review [the] case under a Federal Perspective. However, it did not, rather it used state law and state precedent in reaching it's conclusion to a Federal question.... Mr. Simpson has suffered an enormous loss of property and liberty as a result of the unconstitutional order from Judge Kuhn of he Oakland County Circuit Court. It was an erroneous instruction to allow the State to attach 90% of Mr. Simpson's Annuity Contract benefits towards (SCFRA).

These allegations demonstrate that the injury alleged by plaintiff – the loss of his annuity payments – resulted directly from the order of the Oakland County Circuit Court and that plaintiff seeks to challenge that order rather than to hold defendants liable for an injury inflicted independently thereof. Moreover, it appears that the relief plaintiff ultimately seeks is an injunction preventing the State of Michigan from continuing to seize his annuity payments. This court could not grant such relief without first determining, in effect, that the Circuit Court order was entered in error. Accordingly, under either prong of the <u>Rooker-Feldman</u> inquiry, review of plaintiff's claims is barred.[2]

---

[2] Plaintiff does not contend that SCFRA is unconstitutional. Thus, the "general constitutional challenge" exception to the <u>Rooker-Feldman</u> doctrine is inapplicable.

### IV.  Conclusion

For the reasons stated above, the court recommends that defendant Rising's motion to dismiss for lack of subject matter jurisdiction be **GRANTED**.  Further, as the court's application of the Rooker-Feldman doctrine would apply equally to the claims against defendants Caruso and Smytra Financial, the court recommends that the complaint be dismissed as to them as well. See Saker v. National City Corporation, 90 Fed.Appx. 816, 818, n.1, 2004 WL 162558 (6th Cir.(Ohio))(Because Rooker-Feldman concerns federal subject matter jurisdiction, this court may raise the issue *sua sponte* at any time").  Accordingly, the court recommends that plaintiff's complaint be **DISMISSED WITH PREJUDICE** in its entirety.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

        s/Virginia M. Morgan
        VIRGINIA M. MORGAN
        UNITED STATES MAGISTRATE JUDGE

Dated:   July 5, 2005

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on the parties and attorneys of record herein by electronic means or U.S. Mail on July 5, 2005.

        s/Jennifer Hernandez
        Case Manager to
        Magistrate Judge Morgan